IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


BERNICE A. KASECKY,

        Plaintiff,

vs.                                                                            Civ. No. 02-273 JP/DJS


JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant's Motion for Order to Show Cause Why This Case Should Not Be Dismissed filed September13, 2002.  Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendant's Motion should be granted in part.

## PROPOSED FINDINGS

### I.  PROCEDURAL RECORD

1.      Plaintiff filed a Complaint in the Western District of Pennsylvania on or about September 12, 2001.  The Commissioner filed an Answer on or about November 29, 2001.

2.      The United States District Court of the Western District of Pennsylvania entered a scheduling Order on or about December 13, 2001**.**  Pursuant to that Order, Plaintiff's  motion for summary judgment was due on or before January 15, 2002.

3.      On or about January 14, 2002, Plaintiff filed a Motion to Stay the Briefing Schedule and Date for Filing a Motion for Summary Judgment and for Change of Venue.  Plaintiff stated as grounds that she had moved from Pennsylvania to New Mexico.

4.      On January 16, 2002, the Court vacated the briefing schedule to allow Plaintiff to file a motion to transfer venue.  On or about February 26, 2002, Plaintiff filed a Motion for Change of Venue.  This lawsuit was transferred from the Western District of Pennsylvania to the District of New Mexico on March 4, 2002.

5.      The Court entered a briefing schedule on April 11, 2002 requiring Plaintiff *pro se* to file a Motion to Reverse or Remand by June 11, 2002.  Plaintiff has failed to file any motions.

6.      Defendant sent two letters to the Plaintiff on August 9, 2002 and August 16, 2002 inquiring if she had retained counsel and whether Plaintiff was going to pursue this lawsuit.  No response was received by the Defendant.

7.      The Court entered an Order to Show Cause on October 8, 2002, requiring Plaintiff's appearance on October 17, 2002.  Plaintiff did not appear at the hearing.

### III. DISCUSSION

8.      Federal Rule of Civil Procedure 41(b) provides that a court may involuntarily dismiss a case for"failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Furthermore, the court has an inherent power to dismiss an action for inexcusable failure to prosecute. Link v. Wabash R.R. Co., 370 U.S. 626, 630-32 (1962).

9.      The following factors should be considered in determining whether the Court should, in the exercise of its discretion, dismiss a suit for failure to prosecute:  (a) the duration of plaintiff's failures; (b) whether plaintiff has received notice that further delays would result in dismissal; (c)

whether  defendants are likely to be prejudiced by further delay; (d) a balancing of the need to

alleviate court calendar congestion and a party's right to due process; and (e) the efficacy of lesser

sanctions.  Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d. Cir. 1988).  The

record reflects that this case was originally filed over a year ago in September of 2001.  After the case

was transferred to the United States District Court for the District of New Mexico, the Court has

entered a briefing schedule and an Order to Show Cause.  Plaintiff did not respond to these Orders.

Defendant has attempted to communicate with the Plaintiff by letter.  One of these letters was sent

with a return receipt attached.  Counsel for Defendant stated at the hearing on the Order to Show

Cause that the receipt was returned with a signature, though not the Plaintiff's.  The Local Rules state

that parties *pro se* have a continuing duty to notify the Clerk, in writing of any change of address.

D.N.M.LR-Civ. 83.6.  Defendant will be prejudiced by further delay in that there will be no resolution

on the merits without Plaintiff's submitting a brief.  Thus, lesser sanctions would be ineffective.

## RECOMMENDED DISPOSITION

Based on the foregoing, it is hereby recommended that Defendant's Motion for Order to Sow

Cause Why This Case Should Not be Dismissed be GRANTED in part and that an Order be entered

dismissing without prejudice the above action.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C).

Within ten days After a party is served with a copy of these proposed findings and recommendations

that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and

recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque,

NM 87102.  A party must file any objections within the ten day period allowed if that party wants to

have appellate of the proposed findings and recommendations.  If no objections are filed, no appellate

review will be allowed.

**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**